UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00575-MOC

| | |
|---|---|
| **MALCOM XAVIER SPRINGS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on a letter (#3) sent to the Clerk of this Court by petitioner and referenced to the court for disposition. In that letter, petitioner asks what happened to a Section 2255 petition he states he filed on March 16, 2014. He further states the petition in this case was not meant to be a new petition, but was instead intended to be an amendment to such earlier petition as evidenced by the Motion to Amend included with the Section 2255 petition. Having found no earlier petition, this court in its Screening Order (#2) treated petitioner's Motion to Amend (#1-1) as a motion to amend the instant petition, reasoning that petitioner had found defects in this petition before mailing, but opted to file a defective petition and later amend it rather than redrafting his petition from start to finish and incurring the costs of making additional copies.

There are a number of problems with petitioner's inquiry. First, he provides the court with no civil case number for the earlier petition. Second, the docket in the criminal action – where all Section 2255 motions originate in this district – does not reflect any filing on or about March 16, 2014. Third, a complete review of the court's docket reveals that the October 2015 filing is the one and only Section 2255 petition filed by petitioner. Fourth, while the Motion for Leave (#1-1)

was docketed in this matter, petitioner placed no civil action number on that motion, which led the court to conclude it was a motion to amend the petition he was herein submitting. Fifth, petitioner has submitted no copy of any prison mail log indicating that he filed any pleading with the court on or about March 13, 2014. Thus is, therefore, no relief that the court can afford petitioner and the court has no reason to believe that petitioner in fact filed an earlier petition based on this record.

Indeed, the lack of petitioner being able to reference a civil case number, his failure to include an earlier civil case number on the Motion for Leave or the Petition, and the fact that the date petitioner purports to have filed an earlier petition (March 13, 2014) is conveniently less than a year from the date his criminal Judgment became final, cause the court some concern that petitioner may be attempting a ruse aimed at avoiding the time bar of Section 2255(f). Indeed, the court mentioned as much in its Initial Screening Order, as follows:

> Initial review of the petition reveals that it has not been filed within one year of the Judgment (#29) (filed March 11, 2013) becoming final, that petitioner did not complete Section 18 "Timeliness of Motion" of the AO Form 243 petition, and that he failed to sign the petition under penalty of perjury. As to timeliness, the court will leave it to the government whether to assert and argue such affirmative defense.

Order (#2). Tellingly, petitioner has not verified his petition, but instead filed the instant letter with the Clerk of Court. Indeed, a complete and verified petition would have required petitioner to make statements under penalty of perjury concerning any previous Section 2255 filing, a portion of the form which was also skipped over by petitioner.

With such considerations in mind, the court will deny the relief sought in the letter, if any, but will refer such matter to the United States Attorney for whatever investigation she may deem appropriate.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent petitioner seeks relief in his letter (#3), such relief is **DENIED**. Such matter is, however, **REFERRED** to the United States Attorney for whatever investigation she deems appropriate.

Signed: January 8, 2016

Max O. Cogburn Jr
United States District Judge